UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Western Division

EDDIE LEE OSBERRY, et al., )
    Plaintiffs; )
) No. CV 92-P-2942-W
-vs.- )
)
CITY OF BRENT, et al., )
    Defendants. )

MAR 29 1999

## OPINION

The defendants' Renewed Motions for Summary Judgment were considered at this court's March 5, 1999 motion docket. For the reasons expressed herein, the motions are due to be granted.

### Facts[1]

In September of 1991 and 1992 roadside checkpoints were set up by law enforcement authorities in Bibb County, near the City of Brent, in connection with the annual "Footwash Festival".[2] In December 1992 this law suit was initiated by four individuals, Eddie Lee Osberry, Gregory Wayne Chaviest, Lillian Yerby, and Albert Yerby, who alleged that the manner in which the 1992 checkpoint was conducted violated their rights guaranteed by the Fourth, Fifth and Fourteenth Amendments. Plaintiffs Osberry and Chaviest were arrested at the 1992 checkpoint. They were charged with and paid fines for the offense of possessing alcohol. Plaintiffs Lillian and Albert Yerby were not present at either checkpoint. The Yerbys' van was confiscated at the 1992

---

    1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the nonmoving party.

    2. The Footwash Festival is a large outdoor party held every September in Marengo County near Uniontown, Alabama. It is attended almost exclusively by black people.



checkpoint while it was being used by one of their daughters, who was arrested for possession of marijuana.

On March 10, 1993, the plaintiffs amended their complaint to add Susan Polk and Leroy Gibson as plaintiffs and to enlarge the putative class to include those persons whose constitutional rights were allegedly violated by the defendants during the 1991 Footwash Festival checkpoint. Plaintiffs Polk and Gibson were arrested at the 1991 checkpoint. They were charged with and paid fines for the offense of possessing alcohol.

In previous rulings on summary judgment motions, class certification, and intervention issues, the court has noted that the Supreme Court's decision in *Heck v. Humphrey*[3] bars four of the plaintiffs from recovering monetary damages under § 1983 for allegedly unconstitutional convictions or any other harm caused by actions whose unlawfulness would render a conviction invalid. Additionally, the court has previously indicated that injunctive relief is inappropriate in this case because the alleged civil rights violations are not ongoing. After the court denied the plaintiffs' motion for entry of a final judgment, finding no order for which such an entry would be appropriate, the defendants filed these renewed motions for summary judgment.

## Analysis

In support of their motions, the defendants assert that no genuine issues of material fact exist as to whether the plaintiffs can recover monetary or injunctive relief on any of their remaining claims. In response, the plaintiffs offer an argument that attorney's fees are available under § 1988

---

3. 512 U.S. 477 (1994).

because the unlawful conduct alleged in the complaint ceased as a result of this action. However, the plaintiffs state that they choose not to pursue fees at this time, but to wait until an appeal has concluded. Mindful of the length of time that this case has been before the court and of the plaintiffs' desire to appeal certain rulings the court has made, the court must consider whether its previous rulings foreclose recovery for the plaintiffs and entitle the defendants to summary judgment.

The Convicted Plaintiffs

Of the six plaintiffs, four were convicted as a result of the 1991 or 1992 checkpoints. This court has previously held that *Heck v. Humphrey* prohibits the four convicted plaintiffs from bringing claims under § 1983 for monetary damages in the absence of an invalidation of their convictions. Because the convictions have not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus,"[4] the four plaintiffs appear not to have cognizable claims under § 1983. Additionally, the plaintiffs have failed to show that a judgment in their favor would not imply the invalidity of their convictions.[5] Consequently, the four convicted plaintiffs are barred from bringing a § 1983 action for damages.

Although this result seems harsh, especially in light of the court's previous indications that injunctive relief is inappropriate under the circumstances of this case, the court is unable to conclude

---

4. *See Heck*, 512 U.S. at 487.

5. To do this, the plaintiffs would have to prove both that the searches were unreasonable and that they caused the plaintiffs compensable injury other than that of being arrested and convicted. *See id.* at n.7.

3

otherwise. Notwithstanding Justice Souter's reading of *Heck*, which would permit individuals not "in custody" for habeas purposes to pursue § 1983 claims for damages,[6] the Supreme Court has not distinguished between prison inmates and those who have already served full sentences or paid fines.[7] As a result, the defendants' motions for summary judgment as to the convicted plaintiffs' § 1983 claims for monetary damages are due to be granted.

As this court has previously ruled, injunctive relief is inapplicable to the circumstances of this case because the injuries and violations alleged are neither ongoing nor threatened in the future.[8] Indeed, the plaintiffs' response to the summary judgment motions acknowledges that the allegedly unlawful conduct ceased as a result of this suit. Whether injunctive relief is inappropriate because it is moot or because there is no imminent threat of future violation, the result is the same. The motions for summary judgment as to all of the plaintiffs' claims for injunctive relief are due to be granted.

### The Yerbys

Because the Yerbys did not attend the 1991 and 1992 Footwash Festivals and were not

---

6. *See id.* at 500-03 (Souter, J., concurring). *See also Spencer v. Kemna*, 118 S. Ct. 978, 990 (1998) (Souter, J., concurring) ("The better view, then, is that a former prisoner, no longer 'in custody,' may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy."); *id.* (Ginsburg, J., concurring) ("Individuals without recourse to the habeas statute because they are not 'in custody' (people merely fined or whose sentences have been fully served, for example) fit within § 1983's 'broad reach.'").

7. *See Heck*, 512 U.S. at 490 n.10 ("We think the principle barring collateral attacks–a longstanding and deeply rooted feature of both the common law and our own jurisprudence–is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated.").

8. *See Newman v. Alabama*, 683 F.2d 1312, 1319 (11th Cir. 1982); *Meltzer v. Board of Public Instruction*, 548 F.2d 559, 568 (5th Cir. 1977).

arrested and convicted as the other four plaintiffs were, their claims are necessarily more limited than those of the other plaintiffs. Their only connection to the checkpoints, aside from their daughter's conviction, is the seizure of their van. Consequently, the Yerbys' sole claim in this action is that they were deprived of their property without due process. In its July 1995 opinion granting in part and denying in part the defendants' motions for summary judgment, the court found that the defendants were entitled to qualified immunity from the plaintiffs' procedural due process claims and that the plaintiffs had failed to establish sufficient evidence that they were deprived of due process rights. To the extent that the 1995 opinion did not resolve all of the Yerbys' claims against all of the defendants, the motions for summary judgment as to the Yerbys's claims are due to be granted for the same reasons expressed in the court's earlier opinion.

## Conclusion

After careful consideration of the issues and previous rulings, the court finds that the defendants' renewed motions for summary judgment are due to be granted and the case due to be dismissed in its entirety.

Dated: March 29, 1999

Chief Judge Sam C. Pointer, Jr.

Service List:
    Gayle H. Gear
    Roger L. Bates
    Daryl L. Masters
    Timothy P. Donahue

5